DANIEL HOWLAND vs. LEMUEL MOSHER.

A judgment in favor of the assignee of an insolvent debtor, in a suit to recover property from a preferred creditor, under St. 1841, c. 124, § 3, is not an absolute bar to the subsequent proof of such creditor's claim in insolvency, within the provision of St. 1838, c. 163, § 10 ; since that statute requires actual knowledge that the preference was illegal in order to bar the claim, while the St. of 1841 allows the assignee to recover, if the creditor merely "had reasonable cause to believe the debtor insolvent."

THIS was an appeal from the decision of David Perkins, Esq., commissioner of insolvency, allowing a claim against the estate of Thacher, Thomas & Co., insolvent debtors, of which Lemuel Mosher was the assignee. The case was submitted upon an agreed statement of facts, which sufficiently appear in the opinion. The arguments were made at the last October term.

*H. G. O. Colby*, for Mosher, the appellant.

*T. D. Eliot*, for Howland, the appellee.

SHAW, C. J. This is an appeal from a commissioner of insolvency, allowing the claim of Howland, against the estate of Thacher, Thomas & Co., being insolvent debtors, of whose estate Mosher, the appellant, is the assignee. Such a case is, in all respects, in the nature of a civil action, and is to be conducted in the same manner as if it were a civil action, in which the present appellee is plaintiff.

Upon the offer of the claim, the assignee resisted it on the ground, that as the claimant had attempted to obtain a fraudulent preference, under St. 1838, c. 163, § 10, the original insolvent law, he was barred from proving any claim or having any dividend as a creditor. To sustain this defence, he insisted that a verdict formerly obtained by the assignee, against the creditor, was conclusive. That was a verdict in a suit brought by the assignee in his said capacity, against Howland, to recover the value of certain property which the assignee alleged had been fraudulently transferred to said Howland by said Thacher, Thomas & Co., insolvents, in violation of the insol-

vent law of 1841, *c.* 124, § 3, in which case the assignee obtained a verdict, and recovered the value of the property sued for.

It was contended that this verdict and judgment was conclusive evidence against the creditor in this case; and this is the only question intended to be submitted upon the agreed statement of facts.

This being an action between the same parties, suing in the same respective capacities, such verdict and judgment would be conclusive of the present, upon the principle of *res judicata*, if the facts put in issue and tried were the same. Formerly it was understood, that, as a general rule, such question of identity would depend on the pleadings, and be decided by the record. But as almost all cases are now tried upon a general declaration and general answer, other evidence is admissible. That point is, however, not material in the present case, because it depends upon the terms of the two statutes, whether the issue is the same. Upon a careful comparison of these two statutes, the court are of opinion that the facts tried in the two cases are not the same.

The original insolvent law, section 10, having made strict provisions against any preference of any creditor, in contemplation of becoming insolvent and of obtaining a discharge under the act, and providing that the assignees may have an action in their own names and recover from the creditor so preferred, the money or other things so paid or transferred, for the use of the other creditors, then adds the clause relied on: " And the creditor so preferred, if he shall have accepted such payment or security, knowing that the same was made or given by the debtor contrary to the provisions of this section, shall not be allowed to prove the debt, on account of which, such payment or security was made or given, nor to receive any dividend therefor out of the estate assigned by force of this act."

To sustain this defence, the assignee must prove all the facts set forth in this last clause, as those which shall bar the creditor of his right to prove and receive a dividend. It must be proved that the debtor, in contemplation of his becoming

insolvent and of obtaining his discharge under the insolvent laws, made the payment, sale, or transfer in question, and that the creditor knew that such sale or transfer was made by the debtor, contrary to the provisions of the insolvent law.

But the *St.* of 1841, *c.* 124, § 3, extends the provisions of the former law, so that the discharge shall be void, " if within six months before the filing of the petition, by or against him, the debtor shall have made any sale or conveyance, absolute or conditional, of any part of his estate, real or personal, intending to give a preference to a preëxisting creditor, or to any surety, unless, &c., and all preferences so made or intended to be made shall, as to the other creditors, be void ; and the assignees may recover the full value from the creditor so preferred ; provided the creditor, when accepting such preference, had reasonable cause to believe such debtor was insolvent."

It was under this clause that the former suit was brought by this assignee, against this creditor. In order to recover back the property, it was not necessary to prove that the creditor knew that the property was transferred to him by the debtor, in contemplation of proceedings in insolvency, and obtaining his discharge. The debtor may have had no such intent, and the creditor no knowledge of any such intent, and yet if he took security for an old debt, and it turned out that the debtor became insolvent within six months, on his own petition or by an adverse proceeding, and the creditor had reasonable cause to believe the debtor insolvent, the property would be recoverable. A case, therefore, may be supposed, when property might be recoverable by the assignee from a creditor under the last statute, upon proof of facts, which, under the former statute, would not deprive the same creditor of his right to prove and have a dividend ; and, therefore, a verdict for the assignee in the former case, is, in our opinion, no bar to the creditor's claim in this.

*Order of the commissioner allowing the claim, affirmed.*